# IN THE COURT OF APPEALS OF IOWA

No. 15-1265
Filed July 27, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**JOHNNEY RAY NOOTENBOOM,**
          Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


Johnney Ray Nootenboom appeals his judgment and sentence, alleging his guilty plea was not entered knowingly and voluntarily.  **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Johnney Ray Nootenboom appeals his judgment and sentence, alleging his guilty plea was not entered knowingly and voluntarily because the district court failed to advise him of the applicable special-sentence provision under Iowa Code section 903B.2 (2015). Nootenboom concedes he failed to file a motion in arrest of judgment, *see* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."), but claims this failure does not preclude his appeal because the district court failed to properly advise him, as required by Iowa Rule of Criminal Procedure 2.8(2)(d),[1] of the preclusive effect of such failure.

At the guilty plea hearing, the district court stated:

> Between now and the time of your sentencing, you are entitled to file what is called a motion in arrest of judgment. That's a fancy phrase, but what it really means is you are entitled, before you're sentenced, to make an argument that the guilty plea process that we just went through this morning was somehow illegal or in some way did not comply with Iowa law. But the only way that you can make that argument is by filing that motion. And the motion has to be filed at least five days before the day that you are sentenced.

The district court then asked if Nootenboom "underst[ood] that concept," to which Nootenboom responded, "Yes, Your Honor."

"We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)." *State v. Straw*, 709

---

[1] "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Iowa R. Crim. P. 2.8(2)(d).

N.W.2d 128, 132 (Iowa 2006); *see also State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016). Here, the district court did not quote rule 2.8(2)(d) verbatim, instead employing plain English to impart the rule's requirements. The district court's instruction communicated both that a motion in arrest of judgment was "the only way" to challenge or appeal the guilty plea and that this motion had to be filed not less than five days before sentencing. *See, e.g.*, *State v. Stamps*, No. 13-0989, 2014 WL 1494957, at *2 (Iowa Ct. App. Apr. 16, 2014) (finding sufficient the district court's statement, "If you think I have made a mistake in accepting your guilty plea, you have to raise that in what's called a motion in arrest of judgment. It has time limits and has to be filed within forty-five days of today's date or no later than five days before sentencing"); *State v. Fries*, No. 11-2082, 2012 WL 3590033, at *2 (Iowa Ct. App. Aug. 22, 2012) (finding the district court's plea colloquy sufficient where it stated "that if [the defendant] wished 'to challenge the sufficiency of the guilty plea proceedings, it will be necessary for [him] to file a motion in arrest of judgment . . . within forty-five days of today's date and in no event less than five days prior to the date scheduled for sentencing'" (second alteration in original)). Therefore, the district court "conveyed the pertinent information and substantially complied with the requirements of rule 2.8(2)(d)." *Straw*, 709 N.W.2d at 132. Nootenboom is precluded from challenging his guilty plea on direct appeal.

We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) and (c).

**AFFIRMED.**